# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHROKH MAJDI, | 1:07-CV-00404 AWI (NEW) DLB HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| | [Doc. #6] |
| v. | |
| | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| JEFF WRIGLEY, | |
| | ORDER DIRECTING CLERK OF COURT |
| Respondent. | TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is currently in custody of the Bureau of Prisons ("BOP") at the Taft Correctional Institution in Taft, California, pursuant to a judgment of the United States District Court. Petitioner was sentenced to serve twelve months and one day in federal prison on August 11, 2006; he was given a projected release date of July 25, 2007.

On March 13, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. Petitioner claims the BOP is unlawfully denying him consideration for placement into a Residential Re-entry Center ("RRC").

On May 2, 2007, the Magistrate Judge issued a Findings and Recommendation which recommended the petition be granted and Respondent be ordered to consider the appropriateness of

1  transferring Petitioner to an RRC in light of the factors set forth in § 3621(b), not excluding any
2  other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in
3  December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R.
4  § 570.21.

   On June 6, 2007, Respondent filed a motion to dismiss the petition as moot. Respondent contends he has conducted the inquiry recommended by the Magistrate Judge consistent with the Magistrate Judge's findings. Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" See Respondent's Motion to Dismiss (hereinafter "Motion"). As a result of this evaluation, the BOP has determined Petitioner is to spend "15-30 days in a Residential Re-entry Center before his release." Id. Respondent has provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." See Exhibit 3, Motion. According to the form, Petitioner was evaluated on May 22, 2007. Id.

   Other thirty days have passed since Respondent filed its motion to dismiss, and Petitioner has not filed any opposition.

   Because Petitioner has already been granted the relief he requested, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

///
///
///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   July 26, 2007**                             **/s/ Anthony W. Ishii**
                                         UNITED STATES DISTRICT JUDGE